IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

CHARLES JUNIOR LOVE,        )
                            )
        Petitioner,          )
                            )   1:12CV782
        v.                   )   1:04CR22-1
                            )
UNITED STATES OF AMERICA,   )
                            )
        Respondent.          )

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner in this matter filed a Motion [Doc. #34] and Amended Motion [Doc. #48] to vacate, set aside or correct sentence under 28 U.S.C. § 2255. On March 2, 2004, Petitioner was convicted of one count of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) (Count One) and one count of possession of firearm after a felony conviction in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count Three). Petitioner was sentenced as a career offender under USSG § 4B1.1 to 192 months of imprisonment on the drug charge and a concurrent 120 months of imprisonment for the firearm conviction. Petitioner's § 2255 Motion and subsequent pleadings challenge both his sentence as a career offender for his drug conviction and the validity of his conviction under 18 U.S.C. § 922(g)(1) based on <u>Carachuri-Rosendo v. Holder</u>, 560 U.S. 563 (2010), and <u>United States v. Simmons</u>, 649 F.3d 237 (4th Cir. 2011). In response, the Government initially opposed all relief, contending that Petitioner's claims were barred by the statute of limitations and by a waiver of his collateral review rights contained in his plea agreement. The

Government further argued that Petitioner's challenge to his career offender sentence was not cognizable on collateral review and that the § 922(g) conviction did not affect Petitioner's sentence.

Given Petitioner's career offender challenge and the Government's response, the Court held this case in abeyance in light of the case of Foote v. United States, Nos. 1:11CV42, 1:06CR177-1 (M.D.N.C. Nov. 7, 2013) (unpublished), which was then pending on appeal in the United States Court of Appeals for the Fourth Circuit and involved the question of whether a challenge to a career offender enhancement was cognizable on collateral review. Foote has since been decided and holds that a challenge to a career offender designation based on United States v. Simmons is not the type of alleged sentencing error that can be corrected on collateral review. United States v. Foote, 784 F.3d 931, 943 (4th Cir.), cert. denied, ___ U.S. ___, 135 S. Ct. 2850 (2015). The decision in Foote would appear to foreclose Petitioner's challenge to his status as a career offender under Simmons. Petitioner attempts to distinguish Foote by arguing that the petitioner in Foote was sentenced under an advisory Guidelines scheme, while the petitioner in the present case was sentenced under a mandatory scheme. It is not clear whether or not this difference is sufficient to raise Petitioner's claim to a cognizable level despite the ruling in Foote, given the analysis in Foote and the additional rationales provided for the determination in that case. However, even if the claim is cognizable, the Government still asserts the applicable statute of limitations as a defense to Petitioner's career offender challenge and the claim would be barred on that basis. Whiteside v. United States, 775 F.3d 180, 187 (4th Cir. 2014) (en banc) (holding that Simmons did not create an exception to the applicable statute of limitations).

2

After the decision in Foote, Petitioner then amended his § 2255 Motion to raise a claim challenging his career offender sentence under Johnson v. United States, 576 U.S. ___, 135 S. Ct. 2551 (2015). In response, the Court issued an Order noting that the issue of whether or not the ruling in Johnson would allow relief under § 2255 for career offenders was an unresolved question pending before the United States Supreme Court in Beckles v. United States, No. 15-8544, 2016 WL 1029080 (U.S. June 27, 2016). However, the Court also directed the Government to further address Petitioner's claim attacking his § 922 conviction, in light of the decision of the Court of Appeals for the Fourth Circuit in United States v. Adams, 814 F.3d 178, 181 n.1 (4th Cir. 2016), and in light of the position taken by the Government in other cases in this Court.. In response to this Court's Order to further address this claim, the Government changed its position and conceded relief as to Petitioner's challenge to his § 922(g)(1) conviction in Count Three.

While that issue was being briefed, and pursuant to the Court's general order for cases involving Johnson claims, this case was stayed to allow review of the Johnson claim and then was further stayed pending the decision in Beckles. However, in light of the Government's concession as to Petitioner's claim attacking his § 922 conviction, it appears that this Court can proceed to consideration of that claim, despite the Beckles stay, since resolution of the § 922(g) claim may moot Petitioner's Johnson claim as well.

With respect to Petitioner's § 922(g) claim, the Government now concedes that based on Simmons, the prior North Carolina convictions alleged in Count Three of the Indictment would not qualify as predicate felony convictions supporting a conviction under § 922(g) and that the § 922(g) conviction should therefore be vacated. In this regard, the Government

concedes that, using the analysis set out in Simmons, Petitioner did not face more than a year of imprisonment for the prior convictions.

The Government also affirmatively waives any statute of limitations or other defenses that might otherwise apply to Petitioner's challenge to the § 922(g)(1) conviction.[1] The parties thus agree that pursuant to the § 2255 Motion, Petitioner's conviction under § 922(g) should be vacated and that Count Three should be dismissed.[2] In reviewing this matter, the Court notes that the predicate offenses listed in the Indictment, possession with intent to sell or deliver cocaine and felony possession of cocaine, were Class H or I felonies with a prior record level of III. Thus, the maximum sentence Petitioner faced in the presumptive range for those offenses under North Carolina law, as analyzed in Simmons, was 12 months or less. See N.C. Gen. Stat. § 15A-1340.17(c) and (d) (for offenses committed between Dec. 1, 1995 and Nov. 30, 2009). Therefore, having reached this conclusion and in light of the agreement of the parties, this Court will recommend that relief be granted as to Count Three based on Simmons

---

[1] The Court construes this concession as a waiver of any waivable defenses that might otherwise apply as to this claim, and the Court will proceed on the basis of that waiver. See Day v. McDonough, 547 U.S. 198, 202 (2006) (holding that it would be "an abuse of discretion to override a State's deliberate waiver of a limitations defense"); Wood v. Milyard, 132 S. Ct. 1826, 1830 (2012) ("A court is not at liberty, we have cautioned, to bypass, override, or excuse a State's deliberate waiver of a limitations defense."); see also Yeatts v. Angelone, 166 F.3d 255, 261 (4th Cir. 1999) ("[T]he issue of procedural default generally is an affirmative defense that the state must plead in order to press the defense thereafter.").

[2] As to the Simmons claim challenging the § 922(g) conviction, this means that the Government has taken the position that this claim is cognizable in these proceedings. See Miller v. United States, 735 F.3d 141 (4th Cir. 2013) (vacating § 922(g)(1) conviction on a § 2255 motion based on Simmons and holding that "[f]or defendants convicted of possessing a firearm by a convicted felon under 18 U.S.C. § 922(g)(1), where the predicate conviction(s) supporting their § 922(g)(1) convictions were North Carolina felony offenses for which they could not have received sentences of more than one year in prison, Simmons also makes clear that those felony convictions do not qualify as predicate felonies for purposes of federal law, and those defendants are actually innocent of the § 922(g)(1) offense of which they were convicted").

and that Count Three be vacated and dismissed. To the extent Petitioner made any payments toward the $100 special assessment for Count Three, those amounts should be returned to him.[3]

With respect to the appropriate relief on this claim, the Government asserts that the Court should enter a corrected judgment dismissing Count Three and re-imposing the same sentence for the remaining Count One. Petitioner agrees with the Government's concession generally, but disagrees as to the appropriate remedy. Petitioner argues that he should receive a full resentencing, rather than a corrected judgment. The Court has "broad and flexible power" in fashioning a remedy when granting relief on collateral review. See United States v. Hadden, 475 F.3d 652, 669-72 (4th Cir 2007). Under Hadden, the Court has the authority to set this matter for resentencing to address any remaining sentencing issues. However, the Court also has discretion to instead correct the judgment by simply dismissing Count Three and re-imposing the same sentence for Count One if the sentencing judge is "satisfied with the resulting sentence." Hadden, 475 F.3d at 669. Here, given that the firearm count is being vacated and given that the conviction on that firearm count may have been part of the sentencing consideration in this case, it appears that a resentencing may be appropriate to

---

[3] In order to facilitate that return, the Court will need a mailing address where any refund can be sent. Petitioner should, through counsel, supply to the Clerk's Office an appropriate mailing address. If a final Order is entered vacating Petitioner's conviction, the Clerk's Office will then calculate the amount of any refund that is due and send that amount to the address provided.

address all of the sentencing issues that remain.[4]  However, this determination is a matter within the discretion of the sentencing judge.  Therefore, this Court will recommend that Petitioner's sentence as to Count Three be vacated with the agreement of the parties and that the matter be set for resentencing, unless the sentencing judge is satisfied with the original term of imprisonment for Count One.

IT IS THEREFORE RECOMMENDED that the stays in this case be lifted, that Petitioner's Motion [Doc. #34] and Amended Motion [Doc. #48] to vacate, set aside or correct sentence be granted as to his challenge to his conviction on Count Three but denied otherwise, that the Judgment [Doc. #16] be vacated, that the conviction on Count Three of the Indictment [Doc. #1] be vacated and that Count Three be dismissed, that any money paid by Petitioner toward the $100.00 special assessment for Count Three be returned or credited to him as set out above, and that this matter be set for resentencing as to Count One unless the sentencing judge is satisfied as to the original sentence on that Count.

This, the 7th day of February, 2017.

>   /s/ Joi Elizabeth Peake
>   United States Magistrate Judge

---

[4] To the extent that Petitioner challenges his status as a career offender, it does not appear that such a challenge would presently provide a separate basis for relief in light of the decisions in Foote and Whiteside, as noted above, and any such claim based on Johnson would otherwise be stayed pending the decision in Beckles. However, any sentencing issues can be raised and considered at a resentencing on the § 922(g) claim, and therefore, if this matter is set for resentencing, Petitioner's remaining claims would be moot.